UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**MISCELLANEOUS NO. 09-3-DLB**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**VS.**

**THOMAS CASEY BREFELD**                                            **DEFENDANT**

### REPORT AND RECOMMENDATION

On October 5, 2009 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, THOMAS CASEY BREFELD show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Mike Ruberg and the United States was present through Assistant United States Attorney Laura Voorhees. The proceedings were recorded by substitute court reporter Shandy Ehde (Draper & Oestreicher) and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted violating the terms of his supervised release as set out in the October 2, 2009 violation report of U.S.P.O. Leanne Vonderhaar.

After pleading guilty to one count of Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, the defendant was sentenced in the Southern District of Mississippi on October 14, 2005 to twenty-seven months imprisonment followed by three years supervised release. Brefeld began his term of supervised release on November 12, 2007 and jurisdiction was transferred to this district on September 16, 2009. He now stands charged with the following violations:

1

**VIOLATION #1: THE DEFENDANT SHALL PAY RESTITUTION IN ACCORDANCE WITH THE SCHEDULE OF PAYMENTS SHEET.**

Defendant signed an agreement with U.S.P.O. Anthony Josselyn to pay installments of $175.00/month toward his outstanding restitution order of $130,642.01. The defendant's last payment of $175.00 was posted on March 19, 2008. When questioned on August 5, 2009 regarding the lack of payments, defendant at first claimed that he had been making payments but on the following day he conceded that he had lied and no payments had been made since March, 2008.

**VIOLATION #2: THE DEFENDANT SHALL SUBMIT A TRUTHFUL WRITTEN REPORT TO THE PROBATION OFFICE.**

From April 2008 until July 2009, Thomas Brefeld indicated on his monthly forms that he made a monthly payment of $175.00 towards his restitution balance, when in fact, he failed to make payments.

**VIOLATION #3: THE DEFENDANT SHALL FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER.**

On August 17, 2009 U.S.P.O. Vonderhaar left a voice mail for defendant telling him that jurisdiction of his case would be transferred to the Eastern District of Kentucky and he was directed to report to the probation office on September 2, 2009 to discuss his unemployment status and lack of payment history. On August 21, 2009 U.S.P.O. Vonderhaar and U.S.P.O. John D'Alessandro met with the defendant at his residence in Florence, Kentucky where he was again reminded to report on September 2, 2009 at the probation office. When that date arrived Brefeld failed to report as instructed and made no attempts to contact his probation officer.

The parties have reached an agreement as to the appropriate disposition of this case, and the Court being satisfied from dialogue with the defendant that he understands the nature of the charges pending against him, has had ample opportunity to consult with counsel, and enters this agreement

2

knowingly and voluntarily. Accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of his supervised release as set out above;

2. That the defendant, THOMAS CASEY BREFELD, be sentenced to the custody of the Attorney General to **TIME SERVED** and that supervised release be reimposed for a period of **THREE (3) YEARS**, and as part of that supervised release the defendant serve **SIX (6) MONTHS** in a half-way house to be designated by the probation office;

3. That the defendant's monthly payments be reduced from $175.00 to $100.00/month toward his restitution balance of $130,042.01.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within ten (10) days.** A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 5th day of October, 2009.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge